UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD F. LEE and AUNETTA M. ROACH,

        Plaintiffs,

v.

SIERRA PACIFIC MORTGAGE COMPANY; et al.,

        Defendants.

3:09-cv-0590-LRH-RAM

ORDER

       Before the court is plaintiffs Richard F. Lee and Aunetta M. Roach's ("the plaintiffs") motion to remand filed on October 7, 2009. Doc. #4[1]. Defendants filed an opposition on October 23, 2009. Doc. #19. Thereafter, plaintiffs filed a reply on November 4, 2009. Doc. #22.

       Also before the court is plaintiffs' motion to stay filed on October 13, 2009. Doc. #8.

## I.    Facts and Procedural History

       On December 29, 2006, plaintiffs purchased real property through a mortgage and note executed by defendant Sierra Pacific Mortgage Company. Plaintiffs defaulted on their mortgage and defendants initiated foreclosure proceedings.

       Subsequently, on September 1, 2009, plaintiffs filed a complaint in state court alleging fourteen separate causes of action against defendants. Doc. #1, Exhibit 1. Defendants removed the

---

[1] Refers to the court's docket entry number.

matter to federal court on federal question grounds. Doc. #1. Thereafter, plaintiffs filed the present motion to remand. Doc. #4.

**II.    Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.   Discussion**

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Here, plaintiffs argue that there is no federal question because all of their claims are rooted in either state law or common law. Thus, according to plaintiffs, there are no federal causes of action supporting removal.

However, federal question jurisdiction will lie over state law claims that implicate significant federal issues. *Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308,

2

312 (2005). In their complaint plaintiffs repeatedly reference defendants' violations of federal laws including defendants' concealment of information in violation of federal securities and banking laws. Further, plaintiffs' thirteenth cause of action for conspiracy directly references the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Home Ownership Protection Act. *See* Doc. #1, Exhibit 1.

Plaintiffs argue that these are "incidental" references to federal laws referred to "only as a compilation to the state violations since much of that languages may be the same." Doc. #22. However, the court finds that plaintiffs' references are not incidental; they are part of the requisite framework for plaintiffs' claims. Plaintiffs' conspiracy claim necessarily depends on the resolution of federal law because in order to have conspired to violate plaintiffs' rights defendants must have first violated the federal statutes at issue. Thus, on the face of plaintiffs' complaint, there are questions of federal law establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper because the state causes of action turned on the defendant's compliance with federal regulations).

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #4) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to stay pending the motion to remand (Doc. #8) is DENIED as moot.

IT IS SO ORDERED.

DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE