UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD F. LEE and AUNETTA M. ROACH,

        Plaintiffs,

v.

SIERRA PACIFIC MORTGAGE COMPANY; et al.,

        Defendants.

3:09-cv-00590-LRH-RAM

ORDER

      Before the court is District Judge for the District of Arizona James A. Teilborg's ("Teilborg") order of remand filed on March 21, 2011. Doc. #68.[1]

      In 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated numerous cases in which plaintiffs allege that MERS engaged in improper business practices when processing home loans. The panel assigned Judge Teilborg to oversee these cases, and he will preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

      In various transfer orders the Panel consolidated several cases, one of which is the current matter *Lee v. Sierra Pacific Mortgage Co.*, 3:09-cv-0590-LRH-RAM. However, as part of the

---

[1] Refers to the court's docket entry number.

transfer order, the Panel transferred only those claims that "relate to the formation and/or operation of MERS." The Panel held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. Thereafter, on March 6, 2010, the court stayed the proceedings pending Judge Teilborg's order parsing the claims and remanding the unrelated defendants and claims back to this court. Doc. #47.

On April 23, 2010, Judge Teilborg issued an initial remand order. Doc. #50. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) the part of claim 14 for fraud in the inducement that relates to allegations that defendants "failed to disclose the material terms of the loans and incidental services to Plaintiff at the execution of the closing papers," "concealed the true terms of the loans, and the risks of the transactions, including but not limited to, negative amortization, prepayment penalty provisions, the risk of default and the risk of foreclosure from Plaintiff," and "misrepresented the ability of Plaintiff to qualify for the loans;" (3) claim 3 for injunctive relief as it relates to the remanded claims; and (4) claim 4 for declaratory relief as it relates to the remanded claims. *Id*.

However, after the initial order on remand, Judge Teilborg granted plaintiffs leave to file an amended complaint. *See* Doc. #1055, case no. 2:09-md-2119-JAT. On August 16, 2010, plaintiffs filed a first amended complaint in the multi-district litigation against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (6) breach of the covenants of good faith and fair dealing; (7) violation of NRS 107.080; (8) quiet title; (9) fraud in the omission; (10) fraud in the inducement; and (11) unjust enrichment.[2] Doc. #1073, case no. 2:09-md-2119-JAT.

---

[2] Plaintiffs' unjust enrichment claim was improperly identified as the fourteenth (14) cause of action in the first amended complaint.

2

Subsequently, on March 21, 2011, Judge Teilborg issued an amended remand order relating to plaintiffs' first amended complaint. Doc. #68. Pursuant to that order Judge Teilborg remanded: (1) claim 3 for debt collection violations; (2) claim 4 for violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (3) claim 5 for violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (4) claim 6 for breach of the covenants of good faith and fair dealing; (5) claim 7 for violation of NRS 107.080; (6) claim 11 for unjust enrichment; (7) claim 1 for injunctive relief as it relates to the remanded claims; and (8) claim 2 for declaratory relief as it relates to the remanded claims. *Id*.

IT IS THEREFORE ORDERED that the stay in case no. 3:09-cv-0590-LRH-RAM entered on March 6, 2010, is hereby LIFTED.

IT IS FURTHER ORDERED that defendants have twenty (20) days after the issuance of this order to answer or otherwise respond to the remanded claims.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE