UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD F. LEE and AUNETTA M. ROACH,

    Plaintiffs,

v.

SIERRA PACIFIC MORTGAGE COMPANY; et al.,

    Defendants.

3:09-cv-00590-LRH-RAM

ORDER

    Before the court is defendant Greenpoint Mortgage Funding, Inc.'s ("Greenpoint") motion to dismiss filed on May 23, 2011. Doc. #75.[1]

**I.    Facts and Background**

    On December 29, 2006, plaintiffs purchased real property through a mortgage executed by defendant Sierra Pacific Mortgage Company. Plaintiffs defaulted on the mortgage and defendants initiated foreclosure proceedings. Subsequently, on September 1, 2009, plaintiffs filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1.

    Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper

---

[1] Refers to the court's docket entry number.

business practices when processing home loans. The panel assigned Judge James A. Teilborg ("Judge Teilborg") to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

In various transfer orders the Panel consolidated several cases, including the current matter *Lee v. Sierra Pacific Mortgage Co.*, 3:09-cv-0590-LRH-RAM, with the multi-district litigation. However, as part of the transfer order, the Panel transferred only those claims that "relate to the formation and/or operation of MERS." The Panel held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought.

On April 23, 2010, Judge Teilborg issued an initial remand order. Doc. #50. However, after the initial order on remand, Judge Teilborg granted plaintiffs leave to file an amended complaint. *See* Doc. #1055, case no. 2:09-md-2119-JAT. On August 16, 2010, plaintiffs filed a first amended complaint in the multi-district litigation against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (6) breach of the covenants of good faith and fair dealing; (7) violation of NRS 107.080; (8) quiet title; (9) fraud in the omission; (10) fraud in the inducement; and (11) unjust enrichment.[2] Doc. #1073, case no. 2:09-md-2119-JAT.

Subsequently, on March 21, 2011, Judge Teilborg issued an amended remand order. Doc. #68. Pursuant to that order Judge Teilborg remanded: (1) claim 3 for debt collection violations; (2) claim 4 for violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (3) claim 5 for violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (4) claim 6 for

---

[2] Plaintiffs' unjust enrichment claim was improperly identified as the fourteenth (14) cause of action in the first amended complaint.

2

breach of the covenants of good faith and fair dealing; (5) claim 7 for violation of NRS 107.080; (6) claim 11 for unjust enrichment; (7) claim 1 for injunctive relief as it relates to the remanded claims; and (8) claim 2 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, Greenpoint filed the present motion to dismiss. Doc. #75.

**II.     Discussion**

In its motion to dismiss, defendant Greenpoint seeks dismissal of various claims including plaintiffs' claims for fraud in the inducement, fraud in the omission, and quiet title. *See* Doc. #75. However, this court is without jurisdiction to address those claims which were not remanded by Judge Teilborg. *See* 28 U.S.C. § 1407(a) (any action transferred to another court by an order of the Judicial Panel on Multidistrict Litigation divests the transferor court of jurisdiction over any pretrial motion or pleading unless the action, or any separate claim or cross-claim, has been remanded to the transferor court); Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 426 (2001). Because Greenpoint's motion seeks to dismiss claims over which this court does not have jurisdiction, the court may not entertain the motion. Accordingly, the court shall deny Greenpoint's motion without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #75) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 12th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3