UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD F. LEE and AUNETTA M. ROACH, <br><br> Plaintiffs, <br><br> v. <br><br> SIERRA PACIFIC MORTGAGE COMPANY; et al., <br><br> Defendants. | 3:09-cv-00590-LRH-RAM <br><br><br> ORDER |

Before the court are defendants Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") and Greenhead Investment, Inc.'s ("Greenhead") motion to dismiss (Doc. #81[1]) and defendant Greenpoint Mortgage Funding, Inc.'s ("Greenpoint") motion to dismiss and expunge lis pendens (Doc. #86). Plaintiffs Richard F. Lee and Aunetta M. Roach (collectively "plaintiffs") filed oppositions to the motions. Doc. ##85, 92.

I. **Facts and Background**

On December 29, 2006, plaintiffs purchased real property through a mortgage executed by defendant Sierra Pacific. Plaintiffs defaulted on the mortgage and defendants initiated foreclosure proceedings. Subsequently, on September 1, 2009, plaintiffs filed a complaint against defendants

---

[1] Refers to the court's docket entry number.

for wrongful foreclosure. Doc. #1, Exhibit 1.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg ("Judge Teilborg") to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

In various transfer orders the Panel consolidated several cases, including the current matter *Lee v. Sierra Pacific Mortgage Co.*, 3:09-cv-0590-LRH-RAM, with the multi-district litigation. However, as part of the transfer order, the Panel transferred only those claims that "relate to the formation and/or operation of MERS." The Panel held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought.

On April 23, 2010, Judge Teilborg issued an initial remand order. Doc. #50. However, after the initial order on remand, Judge Teilborg granted plaintiffs leave to file an amended complaint. *See* Doc. #1055, case no. 2:09-md-2119-JAT. On August 16, 2010, plaintiffs filed a first amended complaint in the multi-district litigation against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (6) breach of the covenants of good faith and fair dealing; (7) violation of NRS 107.080; (8) quiet title; (9) fraud in the omission; (10) fraud in the inducement; and (11) unjust enrichment.[2] Doc. #1073, case no. 2:09-md-2119-JAT.

Subsequently, on March 21, 2011, Judge Teilborg issued an amended remand order.

---

[2] Plaintiffs' unjust enrichment claim was improperly identified as the fourteenth (14) cause of action in the first amended complaint.

Doc. #68. Pursuant to that order Judge Teilborg remanded: (1) claim 3 for debt collection violations; (2) claim 4 for violation of Nevada's Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) claim 5 for violation of Nevada's Unfair Lending Practices Act, NRS 598D.100; (4) claim 6 for breach of the covenants of good faith and fair dealing; (5) claim 7 for violation of NRS 107.080; (6) claim 11 for unjust enrichment; (7) claim 1 for injunctive relief as it relates to the remanded claims; and (8) claim 2 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, moving defendants filed the present motions to dismiss. Doc. ##81, 86.

## II.  Legal Standard

Moving defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

    **A.  Debt Collection Violations**

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, plaintiffs allege that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds that plaintiffs fail to state a claim against moving defendants for violation of the FDCPA, and thereby NRS § 649.

///

### B. Nevada Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Plaintiffs allege that defendants violated the statute by recording the underlying notice of default without having a state business license.

Initially, the court notes that the allegations against moving defendants are conclusory allegations that offer nothing more than a formulaic recitation of the elements of a violation. As such, they are insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969. Further, moving defendants did not need to be licensed to conduct business in the state of Nevada because foreclosing on real property is not an attempt to collect a debt requiring a separate license. *See Hulse*, 195 F. Supp. 2d 1188.

### C. Nevada Unfair Lending Practices Act

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although plaintiffs allege that defendants violated the present version of the statute, their loan originated in December 2006, prior to the current amendment. Therefore, plaintiffs' loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, plaintiffs' unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Plaintiffs purchased the property in 2006, and did not file the present action until 2009, over a year after the statute of limitations had expired. Accordingly, the court shall grant moving defendants' motions as to this issue.

///

**D. Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between plaintiffs and defendants Greenhead and Greenpoint. The only contract is the mortgage contract between plaintiffs and defendant Sierra Pacific. Thus, plaintiffs fail to state a claim against these defendants for breach of the covenants of good faith and fair dealing.

As to defendant Sierra Pacific, plaintiffs allege that Sierra Pacific misrepresented the cost of credit involved in the loan agreement. However, these alleged misrepresentations occurred *before* a contract was formed. Plaintiffs fail to allege any facts to establish a breach of the implied covenants *after* the contract between the parties was formed. Accordingly, plaintiffs fail to state a claim against for breach of the covenants of good faith and fair dealing as to defendant Sierra Pacific.

**E. NRS 107.080**

In their complaint, plaintiffs allege that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. However, Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010).

6

### F. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, plaintiffs cannot make a claim in equity for actions that are guided by a contract to which they are parties. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### G. Declaratory Relief and Permanent Injunction

Plaintiffs' remaining causes of action for injunctive and declaratory relief are remedies that may be afforded to a party after they haves sufficiently established and proven their claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, plaintiffs' remanded claims fail to establish a claim for relief. Accordingly, plaintiffs are not entitled to their requested remedies.

### H. Request to Expunge Lis Pendens

In its motion, defendant Greenpoint also requests the court expunge the recorded lis pendens. *See* Doc. #86. The court has reviewed the documents and pleadings on file in this matter and finds that it is without jurisdiction to grant the request to expunge lis pendens. Pursuant to 28 U.S.C. § 1407, any action transferred to another court by an order of the Judicial Panel on Multidistrict Litigation divests the transferor court of jurisdiction over any pretrial motion or pleading unless the action, or any separate claim or cross-claim, has been remanded to the

transferor court. *See* 28 U.S.C. § 1407(a); Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 426 (2001).

    Here, Judge Teilborg issued an order of remand in this action only as to certain claims. As such, this court had jurisdiction over this action only as it related to these claims. Greenpoint's request to expunge lis pendens affects the relief available to plaintiffs over claims that were not remanded to this court including their claim for fraud. Therefore, the court finds that it is without jurisdiction to entertain the request to expunge lis pendens and shall deny it accordingly.

    IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #81) is GRANTED. Defendant Sierra Pacific Mortgage Company, Inc. and Greenhead Investment, Inc. are DISMISSED as defendants as to the remanded claims.

    IT IS FURTHER ORDERED that defendant's motion to dismiss and expunge lis pendens (Doc. #86) is GRANTED in-part and DENIED in-part in accordance with this order. Defendant Greenpoint Mortgage Funding, Inc. is DISMISSED as a defendant as to the remanded claims.

    IT IS SO ORDERED.

    DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE